LOUIS ZINN, Appellant, *v.* NATHAN SACKS, Respondent.

First Department, May 17, 1946.

*Myron P. Gordon* of counsel (*Harry Ernst,* attorney), for appellant.

*Irving I. Sternberg* for respondent.

TOWNLEY, J. This action was brought by plaintiff for a judgment enjoining the defendant until October 21, 1946, from directly or indirectly, either as employee, owner, partner, agent or as stockholder, director or officer of a corporation or otherwise, engaging in the laundry business, except the hand laundry business, within the Borough of Bronx, City and State of New York.

The plaintiff purchased the laundry from a corporation and the defendant, who was vice-president of the said corporation, made the following covenant: " AND WE DO FURTHER COVENANT

AND AGREE, to and with the said party of the second part, that we will not re-establish, re-open, be engaged in, nor in any manner whatsoever become interested, directly or indirectly, either as employee, as owner, as partner, as agent, or as stockholder, director or officer of a Corporation, or otherwise, in any business, trade or occupation similar to the one hereby sold within Borough of Bronx from the address and situation of the business hereby sold unto the said party of the second part, for a term of two years from the date of these presents, except that Nathan Nedelman may engage in such business during his association with the Purchaser and the three other offices of the Bristow Laundry Corporation may, if they so desire engage in the Hand Laundry business at any time.''

The court at Special Term found that this covenant was enforcible and had been violated. It, however, also found as a fact that though the defendant was violating the covenant, he was doing it in such a small way that it was unreasonable to find that there was any true competition between the plaintiff and the defendant.

It appears by the testimony of two of plaintiff's former customers that they had left him and given their business to the defendant. One had given him about 4,000 pounds of wet wash a week and paid about $100 therefor, and the other testified to having given a considerable amount of business to the defendant.

The covenant was a part of the consideration of the contract for which a large sum of money was paid. The evidence discloses a substantial violation on the part of the defendant. His general course of conduct indicates a deliberate intention to evade compliance with its provisions. The covenant should be enforced according to its terms.

The judgment should be reversed, with costs and judgment directed in favor of the plaintiff, with costs.

MARTIN, P. J., GLENNON and COHN, JJ., concur; DORE, J., dissents and votes to affirm for the reasons stated by the learned court at Special Term.

Judgment reversed, with costs and judgment directed in favor of plaintiff, with costs. Settle order on notice.